UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICARDO CARRILLO,** | Civil Action No. 23-2892 (KMW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| **BRUCE DAVIS, et al.,** | |
| Respondents. | |

This matter comes before the Court on Petitioner Ricardo Carrillo's habeas petition (ECF No. 1) filed pursuant to 28 U.S.C. § 2254. As Petitioner has paid the filing fee, this Court is required to screen his petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Petitioner was convicted of two counts of first degree murder and one count of disturbing human remains in April 2019. (ECF No. 1 at 1.) Petitioner appealed his sentence, but his conviction was affirmed by the New Jersey Appellate Division in October 2022. (*Id.* at 2.) Petitioner thereafter sought and was denied certification by the New Jersey Supreme Court on January 24, 2023. (*Id.*) Petitioner did not file a petition for certiorari. (*Id.* at 3.) On March 10, 2023, however, Petitioner did file a state post-conviction relief petition, which is currently pending in state court. (*Id.* at 3.) Petitioner thereafter filed his current habeas petition on or about May 26, 2023. (*Id.*) In his current petition, Petitioner seeks to raise claims including the four claims he developed in his direct appeal, and three claims which he is now pursuing in his state court post-

conviction relief petition, which includes claims of ineffective assistance of counsel. (*Id.*) Petitioner readily admits in his petition that his PCR claims are not yet exhausted, and that he fully expects that he may seek to raise additional claims in the future arising out of his developing PCR proceedings. (*Id.* at 4; ECF No. 1-3.) Petitioner therefore requests that this matter be stayed while he pursues and develops his claims in his state court PCR proceedings.

Pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted to an individual confined pursuant to an order of the state courts unless the petitioner has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective. A petitioner generally satisfies this exhaustion requirement when he has presented each of his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011); *see also Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). "Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c). A New Jersey state prisoner will therefore only have properly exhausted his claims where he has presented all of his claims "to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court." *Barnes*, 2015 WL 1035428 at *1. Because Petitioner's habeas petition contains both exhausted and unexhausted claims, his petition represents a mixed petition which may not proceed at this time.

Where a District Court is faced with a habeas petition that contains unexhausted claims, the District Court has four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to

delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] found all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). A district court may only grant a stay of an unexhausted petition in "limited circumstances." *Rhines*, 544 U.S. at 277. Specifically, the petitioner must have "good cause for his failure to exhaust, his unexhausted claims [must be] potentially meritorious, and there [can be] no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Even where these requirements are met, a stay will generally only be warranted in those cases where a dismissal of the petition without prejudice would result in the petitioner being unable to timely file his habeas petition within the one-year statute of limitations period. *See Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) ("where an outright dismissal could jeopardize the timeliness of a collateral attack" a stay is appropriate); *Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) ("[w]here the timeliness of a habeas corpus petition is at issue . . . a District Court has discretion to stay" the petition); *Ragland*, 2015 WL 1035428 at \*2.

As this Court is faced with a mixed petition and it does not appear that Petitioner intends to withdraw his unexhausted claims and proceed solely on his exhausted claims based on his current petition, this Court must either grant Petitioner a stay, or dismiss his petition without prejudice. Having considered petitioner's habeas petition, however, this Court finds that a stay is not appropriate at this time. Here, Petitioner has presented no good cause for failing to exhaust before filing his habeas petition – he has only just begun his state court PCR proceedings and his one year habeas limitations period does not appear to have even started to run and is in no danger of expiring at this time as Petitioner is subject to statutory tolling during the period during which

3

his PCR proceedings are pending in state court, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84-85 (3d Cir. 2013), and the merits of Petitioner's unexhausted claims, some of which have yet to even be developed, are at best unclear. As Petitioner is not entitled to a stay, this Court must dismiss Petitioner's habeas petition without prejudice as an unexhausted mixed petition. Petitioner may file a new habeas petition once he has completed the exhaustion of his claims.[1]

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state judgment unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's habeas petition is an unexhausted mixed petition which must be dismissed without

---

[1] Alternatively, Petitioner may choose to proceed with a habeas petition at this time by proceeding solely on his already exhausted direct appeal claims. If Petitioner wishes to choose this path, he may do so by filing a new petition containing only his fully exhausted claims in this Court within thirty days. Petitioner should be aware, however, that if he chooses to proceed with a habeas petition at this time containing only his already exhausted claims, he may be barred from raising any additional claims, such as those developed during PCR proceedings, at a later date. *See, e.g., Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).

4

prejudice, Petitioner shall be denied a certificate of appealability as to the dismissal of his petition on exhaustion grounds.

In conclusion, Petitioner's request for a stay (ECF No. 1-3) is **DENIED**, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge